IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDAR BAYOU TOWING LIMITED LIABILITY COMPANY | § § § | |
| vs. | § § | C. A. NO. H – 16 – 2910 ADMIRALTY |
| GSD MARINE, LLC, et al. | § | |

### ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Cedar Bayou Towing Limited Liability Company files this Original Complaint against Defendants, GSD Marine, LLC ("GSD"), G & H Towing Company ("GHT"), Bay Houston Towing Company ("BHT"), Bay Houston Maritime Industries, Inc. ("BHM") and Buffalo Marine Service, Inc. ("Buffalo"), *in personam*, and the Tug HARRIS II, Tug MARK K and Tug SAN TOMAS, *in rem*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1. This action arises from a maritime tort committed upon the navigable waters of the United States. Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2. Venue is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

3. Plaintiff is a Texas limited liability company with its principal place of business in Houston.

4. At all times material, Plaintiff was the registered owner of the Tug ANNIE MOON, a towing vessel registered in the United States, bearing U.S. Coast Guard Document No. 1238243 and weighing approximately 15 gross tons, and engaged in coastwise unrestricted towing.

5. Plaintiff brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the Tug ANNIE MOON and/or this action.

6. On information and belief, at all times material, GSD was a Texas limited liability company providing marine construction services in Texas, not in good standing, with its principal place of business in Houston.

7. On information and belief, GSD can be served by its last known registered agent, David L. Davis, at his last known registered address, 16628 Market Street, Channelview, Texas 77530.

8. On information and belief, at all times material, GHT was a Texas corporation owning, operating and managing towing vessels in Texas, including the Tug HARRIS II and Tug MARK K, with its principal place of business in Galveston.

9. On information and belief, GHT can be served by its registered agent, Stephen N. Huffman, at 200 Pennzoil Road, Galveston, Texas 77551.

10. On information and belief, at all times material, BHT was a Texas corporation engaged in business in Texas by providing towing and escort services to vessels navigating to, from and in the Port of Houston and Houston Ship Channel and, for that purpose, owning, operating and/or managing a fleet of tugboats, including the Tug HARRIS II.

11. On information and belief, BHT can be served by its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

12. On information and belief, at all times material, BHM was a Texas corporation engaged in business in Texas by providing towing and escort services to vessels navigating to, from and in the Port of Houston and Houston Ship Channel and, for that purpose, owning, operating and/or managing a fleet of tugboats, including the Tug MARK K.

13. On information and belief, BHM can be served by its registered agent, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

14. On information and belief, at all times material, Buffalo was a Texas corporation engaged in business in Texas by providing towing and escort services to vessels navigating to, from and in the Port of Houston and Houston Ship Channel and, for that purpose, owning, operating and/or managing a fleet of tugboats, including the Tug SAN TOMAS.

15. On information and belief, Buffalo can be served by its registered agent, Patrick J. Studdert, at 8201 E. Erath Street, Houston, Texas 77012.

16. On information and belief and at all times material, the Tug HARRIS II was a towing vessel registered in the United States, bearing International Maritime Organization (IMO) No. 9132143 and weighing approximately 198 gross tons, and engaged in coastwise unrestricted towing.

17. On information and belief and at all times material, the Tug MARK K was a towing vessel registered in the United States, bearing IMO No. 7816604 and weighing approximately 172 gross tons, and engaged in coastwise unrestricted towing.

18. On information and belief and at all times material, the Tug SAN TOMAS was a towing vessel registered in the United States, bearing U.S. Coast Guard Document No. 628953 and weighing approximately 87 gross tons, and engaged in coastwise unrestricted towing.

19. On information and belief, during or before November 2014, GSD and/or one of its related business entities entered into an agreement with Kinder Morgan, Inc. or one of its related business entities ("Kinder Morgan") to perform, among other services, installation of a temporary cofferdam and demolition of an intake structure at the Houston Ship Channel bulkhead of the former AES Deepwater plant located at 701 Light Company Road in Pasadena, Texas, just west of Vince Bayou.

20. On information and belief, on or before November 24, 2014 and before beginning the project, GSD's representative contacted the U.S. Coast Guard

Houston/Galveston Vessel Traffic Service to report the intended project operations and to request issuance of a slow bell advisory during those operations. On information and belief, on or about November 24, 2014, the U.S. Coast Guard Houston/Galveston Vessel Traffic Service approved GSD's request, issuing a Category II Channel Obstruction for the operations.

21. In order to conduct the operations, during or before November 2014, GSD entered into an oral agreement with Plaintiff under which Plaintiff agreed to provide specific services by furnishing the Tug ANNIE MOON to assist in the movement of spud, deck and/or crane barges under GSD's direct supervision and control.

22. During the early morning hours of October 19, 2015 and while the unattended Tug ANNIE MOON was made up by face wires to the stern of the unattended Barge MOP 14, an unregistered double raked deck barge chartered by GSD and laden with sheet pile, the Tug HARRIS II and Tug MARK K passed inbound on the Houston Ship Channel and, later, the Tug SAN TOMAS passed outbound, each while travelling at an excessive rate of speed under the circumstances. On information and belief, as each did so, the unusual wakes, swells and/or suction that each created in the ship channel proximately caused wave wash to flood open and/or uncovered hatches and/or manways on the Barge MOP 14, causing her bow to sink partially. That partial sinking directly caused the stern of the Tug ANNIE MOON to be lifted into the air and the Barge MOP 14 to slide into the ship channel,

ultimately pulling the Tug ANNIE MOON underwater and completely submerged beneath the barge's stern. A salvage operation consequently was necessary to lift and refloat both vessels.

23. The casualty and Plaintiff's resulting damages proximately were caused by GSD's acts and/or omissions including, but not limited to, the failure and/or refusal to: (a) take reasonable measures to make certain that, at all times, the Barge MOP 14 was in charge of a watchman whose duty it was to make careful examination of the barge throughout at reasonable intervals, including inspection of bilges, (b) take reasonable measures to make certain that, at all times, the Barge MOP 14 was safely loaded and trimmed, and (c) exercise due diligence to make, keep and maintain the Barge MOP 14 in a seaworthy condition.

24. Alternatively, the casualty and Plaintiff's resulting damages proximately were caused by the respective acts and/or omissions of GHT, BHT, BHM and Buffalo including, but not limited to, the failure and/or refusal to take reasonable measures to:

(a) Take into consideration the effects reasonably to be anticipated from each vessel's speed and motion through the water;

(b) Manage and/or operate each vessel carefully and prudently so as to avoid creating unusual swells, suction and/or wave wash; and/or

(c) Take such precautions by way of reduction of speed or alteration of course as reasonably were necessary to prevent the casualty and resulting damages.

Each of these acts and omissions by GHT, BHT, BHM and Buffalo constitutes negligence.

25. Alternatively, on information and belief, the casualty and Plaintiff's resulting damages proximately were caused by the unseaworthiness of the Tug HARRIS II, Tug MARK K and/or Tug SAN TOMAS.

26. Alternatively, the casualty and Plaintiff's resulting damages proximately were caused by the respective acts and/or omissions of GHT, BHT, BHM and Buffalo including, but not limited to, each of the following:

    (a)    Neglecting a precaution which is required by the ordinary practice of seaman, in violation of 33 C.F.R. § 83.02(a).

    (b)    Neglecting a precaution which is required by the special circumstances of the case, in violation of 33 C.F.R. § 83.02(a).

    (c)    Failing and/or refusing to have due regard to all dangers of navigation and to any special circumstances, including the limitations of the vessels involved, in order to avoid immediate danger, in violation of 33 C.F.R. § 83.02(b).

    (d)    Failing and/or refusing to determine a safe speed by taking into account the following factors, in violation of 33 C.F.R. § 83.06:
        (1)    The state of visibility;
        (2)    The traffic density including concentration of fishing vessels or any other vessels;
        (3)    The maneuverability of the vessel with special reference to stopping distance and turning ability in the prevailing conditions;

  (4) At night the presence of background light such as from shores lights or from back scatter of her own lights;

  (5) The state of wind, sea, and current, and the proximity of navigational hazards;

  (6) The draft in relation to the available depth of water.

(e) Failing and/or refusing, as a vessel nearing a bend or an area of a narrow channel or fairway, to navigate with particular alertness and caution, in violation of 33 C.F.R. § 83.09(f).

(f) Failing and/or refusing, as a vessel not in sight of another when navigating in or near an area of restricted visibility, to proceed at a safe speed adapted to the prevailing circumstances and conditions of restricted visibility, in violation of 33 C.F.R. § 83.19(b).

(g) Failing and/or refusing, as a vessel not in sight of another when navigating in or near an area of restricted visibility, to have due regard to the prevailing circumstances and conditions of restricted visibility when complying with Rules 4-10 set forth in 33 C.F.R 83.04 - 83.10, in violation of 33 C.F.R. § 83.19(b).

Each of these acts and/or omissions by GHT, BHT, BHM and Buffalo constitutes negligence *per se* and/or negligence.

  27. Alternatively, at all times material and on information and belief, the casualty and Plaintiff's resulting damages proximately were caused by the respective acts and/or omissions of GHT, BHT, BHM and Buffalo constituting negligence in managing and/or operating the Tug HARRIS II, Tug MARK K and Tug SAN TOMAS.

28. Plaintiff cannot more specifically allege Defendants' respective acts and/or omissions constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the casualty was such that it would not have happened in the absence of negligence, and the instrumentality causing the occurrence exclusively was within Defendants' joint control.

29. Each of Defendants' alleged acts and/or omissions was a proximate cause of the casualty, and of actual and incidental damages to Plaintiff. Those damages include, but are not limited to, the reasonable and necessary costs and expenses to (a) lift, refloat, recover and/or salvage the Tug ANNIE MOON, (b) ascertain the nature, extent and recommended repairs of damages sustained by the Tug M/V ANNIE MOON, (c) repair and renew but not better the Tug ANNIE MOON. As best as presently can be determined, these damages equal or exceed the amount of $194,669.16, plus interest dating from October 19, 2015, demand for which has been made upon Defendants, but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Cedar Bayou Towing Limited Liability Company prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the Tug HARRIS II, Tug MARK K and Tug SAN TOMAS, their respective engines, tackle, apparel, furniture, equipment, *etc.*; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; and,

This Honorable Court adjudge that Defendants, GSD Marine, LLC, G & H Towing Company, Bay Houston Towing Company, Bay Houston Maritime Industries, Inc. and Buffalo Marine Service, Inc. ("Buffalo"), *in personam*, and the Tug HARRIS II, Tug MARK K and Tug SAN TOMAS, *in rem*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By _____
Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:    (713) 864–2221
Facsimile:      (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF