IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CEDAR BAYOU TOWING LIMITED LIABILITY COMPANY | § § § § § § § |
| v. | CIVIL ACTION NO. H-16-02910 ADMIRALTY |
| GSD MARINE, LLC, et al. | |

## DEFENDANT GSD MARINE, LLC'S ANSWER TO THE CONTINENTAL INSURANCE COMPANY' RULE 12(C) MOTION TO DISMISS/MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, GSD Marine, LLC (hereinafter, "GSD"), and files this Answer to Continental Insurance Company's ("Continental") Rule 12(c) Motion to Dismiss/Motion for Summary Judgment (the "Motion"), and would respectfully show this Honorable Court as follows:

## SUMMARY OF ANSWER

1. Continental alleges it has not duty to reimburse attorney's fees or indemnify GSD for its losses because of (1) allegations contained in the Plaintiff's Original Complaint, (2) a because of a critical survey of the MOP-14 taken weeks and months after the sinking of the vessel.

2. GSD responds that (1) Continental owes a duty to reimburse GSD because Plaintiff alleges causes of action, in addition to unseaworthiness, which are covered under the policy and require reimbursement and (2) unseaworthiness requires a factual analysis that the vessel was not reasonably fit for its intended use which has not been done by the surveyor and is in dispute despite Continental's unsupported assertions.

## ANALYSIS

3.  Continental filed its Rule 12(c) Motion to Dismiss/Motion for Summary Judgment seeking to dismiss any duty to indemnify defense costs to GSD based on the allegation that the MOP-14 was unseaworthy and voided coverage for the claim. Continental also denies it must reimburse defense costs but admits that Continental has the obligation to reimburse GSD for defense costs if there is coverage under the Policy. Continental's Motion must be denied for the following reasons:

4.  Plaintiff's Original Complaint contains covered negligence claims that fall within the eight-corners (of the pleadings and the Policy) and therefore there is a duty to reimburse defense costs for these covered claims. Continental attempts to relieve Continental's duty to reimburse defense costs for these covered claims because one of those allegations is for unseaworthiness, is an incorrect application of the law.

5.  In determining whether an insurer has a duty to defend its insured, Texas courts follow the eight-corners rule, also known as the complaint-allegation rule, which the Supreme Court of Texas has described as follows: [A]n insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations.[1] In Plaintiff's Original Complaint, there are allegations of negligence which are covered under the Policy. On page 6, paragraph 23, of Plaintiff's Original Complaint, Plaintiff states: "The casualty and Plaintiff's resulting damages were proximately caused by GSD's acts and/or omissions including, but not limited to, the failure and/or refusal to: (a) take reasonable measures to make certain that, at all times, the Barge MOP 14 was in charge of a watchman whose

---

[1] Allstate County Mut. Ins. Co. v. Wootton, 494 S.W.3d 825, 831 (Tex. App.--Hous. [14th Dist.] 2016), reh'g overruled (June 9, 2016), review denied (Dec. 16, 2016)

duty it was to make careful examination of the barge throughout at reasonable intervals, including inspection of bilges, (b) take reasonable measures to make certain that, at all times, the Barge MOP 14 was safely loaded and trimmed." (Plaintiff's Original Complaint, a true and correct copy attached as Exhibit A). These claims clearly allege negligence on the part the Assured, GSD. When applying the eight-corners rule and looking at the pleadings and the policy it is clear that these are covered claims and therefore a duty to reimburse the defense costs and indemnify on the negligence claims exists. Evidence is usually necessary in the coverage litigation to establish or refute an insurer's duty to indemnify.[2] This case has not established facts that would negate the negligence claims, or establish that a clause of the Policy was breached.

6.  Continental takes the allegation of unseaworthiness, in Plaintiff's Original Complaint, as undisputed truth and attempts to dismiss their duty to reimburse for losses and defense costs based on this allegation. The allegation that the MOP-14 is unseaworthy is not undisputed and has not been established in this suit. The duty to indemnify is "determined based on the facts actually established in the underlying suit."[3] Underlying facts have not been established by the factfinder to prove this allegation of unseaworthiness.

7.  As with any other contract, breach or compliance with the terms of an insurance policy is determined not by pleadings, but by proof.[4] Seaworthiness is a question of fact and any attempt to dismiss a duty to indemnify based on the allegation of unseaworthiness is premature. A seaworthy vessel is one that is reasonably fit for its intended use.[5] Continental admits on page 10 of their Memorandum to support their Motion that "The warranty of seaworthiness has generally

---

[2] D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd., 300 S.W.3d 740, 744 (Tex. 2009)
[3] Vines-Herrin Custom Homes, LLC v. Great Am. Lloyds Ins. Co., 357 S.W.3d 166, 172 (Tex. App.--Dallas 2011)
[4] D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co., Ltd., 300 S.W.3d 740, 741 (Tex. 2009)
[5] Offshore Pipelines, Inc. v. Schooley, 984 S.W.2d 654, 659 (Tex. App.--Hous. [1st Dist.] 1998)

been held to mean "that the vessel is reasonably fit for the intended use."[6] Neither the Original Complaint or Continental's Motion address the intended use of the MOP-14 at the time of the sinking. Continental's attached affidavit of Cory Hargis, along with pictures from when he inspected the MOP-14, are both silent as to the issue of seaworthiness and never address the intended use of the MOP-14 at the time of the incident. Mr. Hargis' report does not establish that the MOP-14 was unseaworthy and does not address the intended use of the vessel.[7]

## PRAYER

**WHEREFORE**, Defendant GSD prays that Continental's Rule 12(c) Motion to Dismiss/Motion for Summary Judgment (the "Motion") be denied.

Respectfully submitted,

WHEAT OPPERMANN PLLC

By: /s/ *Gus David Oppermann V*
Gus David Oppermann V
Federal ID No.: 16651
Texas Bar No.: 00786148
848 Heights Boulevard
Houston, Texas 77007
(713) 861-8585
(713) 861-3189 (facsimile)
gdo@wom-law.com
**ATTORNEY FOR DEFENDANT GSD MARINE, LLC**

---

[6] Employer's Ins. Co. of Wausau v. Occidental Petroleum Corp., 978 F.2d 1422 (5th Cir. 1992)
[7] GSD intends to depose Mr. Hargis regarding his report, and hire our own expert to inspect the MOP-14.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via filing same in the Court's CM/ECF system on this the 28th day of July, 2017.

/s/ *Gus David Oppermann V*
Gus David Oppermann V