UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDAR BAYOU TOWING LIMITED COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-16-2910 |
| GSD MARINE, LLC, et al., | § § § | |
| Defendants. | § | |

## ORDER

Pending before the court are (1) a motion to dismiss or motion for summary judgment filed by third-party defendant Continental Insurance ("Continental") (Dkt. 30); (2) a motion to strike defendant and third-party plaintiff GSD Marine, LLC's ("GSD") surreply filed by Continental (Dkt. 34); and (3) a motion to file a surreply filed by GSD (Dkt. 35). Having considered the motions, related filings, and the applicable law, the court is of the opinion that the motion to file a surreply (Dkt. 35) should be GRANTED and the motion to strike (Dkt. 34) should be DENIED AS MOOT. Additionally, the motion to dismiss or motion for summary judgment should be DENIED WITHOUT PREJUDICE.

### I. BACKGROUND AND ANALYSIS

This case relates to the sinking of the Tug ANNIE MOON and the Barge MOP 14 on October 19, 2015. Dkt. 1. Plaintiff Cedar Bayou Limited Towing Company ("Cedar Bayou") is the owner of the ANNIE MOON. *Id.* Cedar Bayou contends that GSD's acts or omissions proximately caused the tug and barge to become submerged. *Id.* GSD had a contract to do some construction work at a Houston Ship Channel bulkhead. *Id.* The MOP 14 was an unregistered double raked deck barge chartered by GSD. *Id.* GSD and Cedar Bayou entered into an oral contract for the ANNIE MOON

to assist in moving the deck barges under GSD's direction. *Id.* On the morning of the incident, the ANNIE MOON was made up face wires to the stern of the MOP 14, which was laden with sheet pile. Other vessels allegedly passed by at high speeds, causing waves to wash up onto the MOP 14 and her bow to partially sink. *Id.* This caused the ANNIE MOON's stern to be lifted into the air, causing the MOP 14 to slide into the ship channel and pull the ANNIE MOON underwater. *Id.* Cedar Bayou alleges that GSD failed to ensure that the MOP 14 was in the charge of a watchman, that it was safely loaded and trimmed, and that it was seaworthy. *Id.* Cedar Bayou contends, in the alternative, that the incident was caused by the other defendants who manage or operate vessels that allegedly passed the tug and barge at excessive rates of speed causing unusual wakes, swells, or suction. *Id.*

GSD filed a third-party complaint against Continental, its insurance company, on April 11, 2017. Dkt. 21. GSD contends that Continental refused to provide its defense and that in so doing Continental breached the insurance policy and violated Chapter 542 of the Texas Insurance Code. *Id.* Continental filed an answer to the third-party complaint in which it asserted an affirmative defense that the policy contains a seaworthiness clause and the MOP 14 was unseaworthy as a matter of law when it was added to the policy. Dkt. 28. Continental thus contends in its answer that it has no duties under the policy. *Id.*

The seaworthiness clause states:

> Warranted that at the inception of this Policy the "Vessel(s)" shall be in a seaworthy condition, and, thereafter, during the currency of the Policy, the Assured shall exercise due diligence to keep the "Vessel(s)" seaworthy, and in all regards, fit, tight, and properly manned, equipped and supplied.

*See* Dkt. 30, Ex. A, General Conditions.

On July 13, 2017, Continental filed the instant motion to dismiss or for summary judgment. Dkt. 30. It asserts that it is undisputed that the MOP 14 was "thoroughly unseaworthy" when it sank on October 19, 2015, and that it was also unseaworthy when it was added to GSD's policy four days earlier on October 15, 2015. *Id.* Continental provides the affidavit from a licensed marine surveyor who opines that certain issues led to the vessel's watertight integrity being compromised, and the issues were of the type that develop over months, if not years. *Id.* (citing Dkt. 30, Ex. B). Continental asks the court to either issue a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or enter summary judgment in its favor under Federal Rule of Civil Procedure 56, as it had no duty to defend or indemnify because GSD breached the seaworthiness clause in the policy. *Id.*

GSD responds that the unseaworthiness determination requires a factual analysis that the vessel was not reasonably fit for its intended use which has not been done by the surveyor and is in dispute. Dkt. 31. GSD points out that the duty to defend is determined under the eight corners of the policy and the complaint, and Cedar Bayou's complaint clearly alleges, in the alternative, that GSD was negligent, which is a claim covered by the policy. *Id.* It notes that the complaint does not state what the MOP 14's intended use is, so it cannot be determined solely from the complaint that the vessel is unseaworthy. *Id.*

Continental replies that its policy only provides defense costs if a duty to indemnify is found and that GSD's arguments regarding the eight-corners rule are therefore misplaced. Dkt. 32. It argues that the only relevant question is whether the MOP 14 was unseaworthy when it sank. *Id.* Continental points out that Cedar Bayou alleges that the MOP 14 was unseaworthy on the date it sank, which Continental asserts is a fact the court must take as true under a Rule 12(c) motion. *Id.* It additionally argues that its surveyor report indisputably establishes the unseaworthiness of the

vessel. *Id.* Continental summarizes the report as follows: "In other words, the MOP-14's hull was full of holes, and, as such, was unfit for the purpose of a boat: to stay afloat." *Id.* Continental contends that any other causes of action are irrelevant because GSD breached the express warranty of seaworthiness resulting in suspension of the policy. *Id.*

GSD then filed a surreply, which Continental moved to strike because GSD did not file a motion to file a surreply; GSD subsequently filed a motion to file the surreply. Dkts. 33–35. The court finds good cause to allow the surreply and therefore GRANTS GSD's motion to file it and DENIES Continental's motion to strike as MOOT.

In the surreply, GSD argues that holes in the hull do not automatically render the vessel unseaworthy, and it conclusorily asserts that the vessel was afloat for days before this happened. Dkt. 33. It then requests additional time to depose Continental's surveyor before the court rules on the motion for summary judgment. *Id.*

First, Continental's motion to dismiss pursuant to Rule 12(c) is DENIED. While Continental asserts that the court must take the facts in Cedar Bayou's complaint as true, its motion to dismiss is a motion to dismiss the third-party complaint. Thus, the court takes as true only the allegations in the third-party complaint, not Cedar Bayou's complaint. The third-party complaint discusses the allegations in Cedar Bayou's complaint, but it does not admit that the MOP 14 was unseaworthy. Whether the vessel was unseaworthy is a factual question best left to either summary judgment or a trier of fact.

Second, Continental's motion for summary judgment is DENIED WITHOUT PREJUDICE. The court finds that GSD should in fairness have the opportunity to depose the surveyor upon whom Continental relies. The court notes that under the latest scheduling order, discovery should have concluded on December 1, 2017, and that dispositive motions are due on January 12, 2018. *See*

Dkt. 26. Since GSD has had sufficient time to conduct discovery while the court was considering this motion, Continental is free to file a renewed motion for summary judgment on this same issue so long as it does so before the dispositive motion deadline.

## IV. Conclusion

GSD's motion to file a surreply (Dkt. 36) is GRANTED, and Continental's motion to strike (Dkt. 34) is DENIED AS MOOT. Continental's motion to dismiss or for summary judgment (Dkt. 30) is DENIED in part and DENIED WITHOUT PREJUDICE in part. To the extent it is a motion to dismiss, it is DENIED. To the extent it is a motion for summary judgment, it is DENIED WITHOUT PREJUDICE.

Signed at Houston, Texas on December 20, 2017.

_____
Gray H. Miller
United States District Judge